

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2005

# Sunarjo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sunarjo v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1133.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-2660

FREDY SUNARJO,

Petitioner

v.

*ALBERTO GONZALES, Attorney General
of the United States,

Respondent

*(Amended pursuant to F.R.A.P. 43©))

Petition for Review of an Order of the
Board of Immigration Appeals
(No. 79-322-815)

Submitted pursuant to Third Circuit LAR 34.1(a)
May 5, 2005

Before: McKEE, SMITH and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 25, 2005)

OPINION

McKEE, Circuit Judge.

Fredy Sunarjo, a native and citizen of Indonesia, petitions for review of a decision

of the Board of Immigration Appeals affirming the decision of an Immigration Judge in

which the IJ denied his applications for asylum, withholding of removal and protection

1

under the Convention Against Torture ("CAT").[1]  For the reasons that follow, we will

deny the petition for review.

## I.

To establish a claim for a discretionary grant of asylum under the Immigration and

Nationality Act ("INA"), an alien must prove that he/she is a "refugee."  *Ezeagwuna v.

Ashcroft*, 301 F.3d 116, 125-136 (3d Cir. 2002).  "Refugee" is defined by statute as:

> [A]ny person who is outside any country of such person's
> nationality or, in the case of a person having no nationality, is
> outside of any country in which such person last habitually
> resided, and who is unable or unwilling to avail himself or
> herself of the protection of that country because of
> persecution or a well-founded fear of persecution on account
> of race, religion, nationality, *membership in a particular
> social group*, or political opinion.

8 U.S.C. § 1101(a)(42)(A) (emphasis added).  An applicant for asylum bears the burden

of establishing past persecution or a well-founded fear of future persecution.  8 C.F.R. §

1208.13(a); *Abdille v. Ashcroft*, 242 F.3d 477, 482 (3d Cir. 2001).  Thus, an alien must

establish that the actions underlying his/her claim actually rise to the level of

"persecution."  *See Disu v. Ashcroft*, 338 F.3d 13, 17 (1st Cir. 2003) (applicant's

experience "must rise above unpleasantness, harassment, and even basic suffering")

(internal quotation and citation omitted).  The claimant must also establish that the

---

[1]Sunarjo has not challenged the IJ's denial of his application for protection under
the CAT.  Thus, he has waived that issue in his petition for review.  *See Lie v. Ashcroft*,
396 F.3d 530, 532 n.1 (3d Cir. 2005).

2

persecution was committed either by the government or by forces that the government was unable, or unwilling, to control. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

A claimant who demonstrates "past persecution" is presumed to have a well-founded fear of future persecution, but the government can rebut that presumption by showing by a preponderance of the evidence that, *inter alia*, the applicant's fear is no longer well-founded. 8 C.F.R. § 1208.13(b)(1); *see Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003).

The "well-founded fear of persecution" standard involves both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987). The subjective prong requires a showing that the fear is genuine. *Mitey v. INS*, 67 F.3d 1325, 1331 (7th Cir. 1995). Determination of an objectively reasonable possibility requires ascertaining whether a reasonable person in the alien's circumstances would fear persecution if returned to a given country. *Chang v. INS*, 119 F.3d 1055, 1065 (3d Cir. 1997).

Withholding of removal is closely related to asylum.[2] However, unlike an asylum claim, the relief is not discretionary. INA § 243(h), 8 U.S.C. § 1253(h), provides that the "Attorney General *shall not* deport or return an alien. . . to a country if the Attorney

---

[2]An application for asylum is deemed to also constitute an application for withholding of removal under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). *See* 8 C.F.R. § 1208.3(b).

General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." (emphasis added). To establish eligibility for withholding of removal, the alien must establish by a "clear probability" that it is "more likely than not" that he/she would be subject to persecution if returned. *INS v. Stevic*, 467 U.S. 407, 429-30 (1987). The "clear probability" standard is a more rigorous standard than the "well-founded fear" standard for asylum. *Janusiak*, 947 F.3d at 47. Thus, if an alien fails to establish the well-founded fear of persecution required for asylum, he/she can not establish the clear probability of persecution required for withholding removal. *Id*.

## II.

Since the BIA conducted a *de novo* review of the record, we are reviewing the BIA's decision, and not the ruling of the IJ.[3] *Abdulai v. Ashcroft*, 239 F.3d 542, 548-49 (3d Cir. 2001). We sustain the BIA's determination if there is substantial evidence in the record to support it. *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir.2001). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a

---

[3]The government suggests that the IJ's decision is the "final agency determination," and therefore is the decision under review. We disagree because we do not believe that the BIA affirmed the IJ's decision under its summary affirmance procedure, 8 C.F.R. § 1003.1(a)(7). Rather, we believe that the BIA conducted *de novo* review of that decision. The BIA's dismissal of Sunarjo's appeal states: "*We have reviewed the record . . .* and we agree that the respondent has failed to meet his burden of establishing past persecution or a well-founded fear of persecution on account of one of the statutorily protected grounds, or that it is more likely than not that he will be persecuted or subjected to torture upon his return to Indonesia." (emphasis added).

reasonable mind might accept as adequate to support a conclusion." *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir.1998) (quotation omitted). Under this deferential standard, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille*, 242 F.3d at 483-84 (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n. 1 (1992)).

### III.

The IJ found that Sunarjo lacked credibility and that his testimony, even if true, failed to establish eligibility for relief.[4] However, the BIA's decision was not based on the IJ's adverse credibility determination. Thus, we must assume the truth of Sunarjo's factual contentions. *See Navas v. INS*, 217 F.3d 646, 652 n.3 (9th Cir. 2000). Nonetheless, even assuming the truth of those factual contentions, we find that substantial evidence supports the BIA's determination that Sunarjo failed to meet his burden of establishing eligibility for asylum or withholding of removal.

In his application for asylum and withholding of removal, Sunarjo asserted that he was an ethnic Chinese Christian Indonesian and asserted that he would be "hurt or killed" if returned to Indonesia. He based that conclusion upon three incidents in which he claims he was persecuted on account of his religion or ethnicity. First, he asserted that he was treated rudely by parking attendants at some unspecified time. Second, he said that

---

[4]The IJ also found that Sunarjo filed a frivolous asylum application. The BIA disagreed and declined to affirm the IJ's holding on that point.

he had to bribe government officials in order to obtain government services. Third, he claimed that unidentified individuals bombed his church while he was attending services. The BIA correctly concluded that these incidents do not show past persecution[5] on account of a protected ground even if they occurred as Sunarjo claims.

His claim that he was treated rudely by parking lot attendants who charged him an increased fee involved no threat or physical harm. Similarly, his claim that he was required to bribe government officials did not involve any threat or physical harm. Although he described the bribes as discrimination, he acknowledged that bribery was commonplace in Indonesia and was required of most Indonesians regardless of ethnicity. Finally, he failed to establish either the identity of the alleged bombers or that they were motivated by any ground that is protected under the INA.

Since Sunarjo failed to establish past persecution, he does not benefit from a presumption of future persecution. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003). In addition, although he claimed to fear religious and ethnic persecution in Indonesia, he testified that he remained in Indonesia for six months without any difficulty

---

[5]"'Persecution' is an extreme concept that does not include every sort of treatment our society regards as offensive." *Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir. 1999); *accord Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996)(en banc)("Persecution is an extreme concept, which ordinarily does not include "[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be." (alteration in original) (internal quotation omitted); *see also Nelson v. INS*, 232 F.3d 258, 263 (1st Cir. 2000) ("To qualify as persecution, a person's experience must rise above unpleasantness, harassment or even basic suffering.").

following the alleged bombing of his church. Moreover, he testified that his mother, brother and two sisters, all ethnic Chinese Christians, remain in Indonesia without encountering any difficulties. In fact, Sunarjo testified that his family has prospered in Indonesia. His brother owns an electronics company, employing approximately ten workers. His college-trained sisters received their government-issued teaching certificates and are employed as teachers in Indonesia.

## IV.

For all of the above reasons, we find that substantial evidence supports the BIA's determination that Sunarjo did not meet his burden of demonstrating eligibility for asylum and withholding of removal. We will, therefore, deny his petition for review.[6]

---

[6]We note that Sunarjo's attorney also represented Xiu Hua Zheng in a separate immigration matter that came before this Court on May 4, 2005 (Case No. 04-2710). It appears that Petitioner's attorney submitted the identical 5-page brief in both cases, with the exception of changing the petitioners' names. The two cases had dissimilar fact patters, and neither brief properly addresses the issues in the individual cases. Notwithstanding these deficiencies, we were able to determine that this case lacked merit. Nevertheless, we hope that such a practice will not be repeated by counsel in the future.