

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2006

# Agusalim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1685

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Agusalim v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1054.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1054

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-1685

HARY AGUSALIM,

Petitioner

v.

ALBERTO R. GONZALES, ATTORNEY
GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
BIA No. A95 460 325
Immigration Judge: Honorable Donald V. Ferlise

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 12, 2006

Before: BARRY, SMITH, and TASHIMA,[*]*Circuit Judges*

(Filed: May 24, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

---

[*] The Honorable A. Wallace Tashima, Senior Judge for the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Hary Agusalim, a native and citizen of Indonesia, seeks review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons set forth below, we will dismiss in part and deny in part the petition for review.[1]

I.

Agusalim entered the United States on October 21, 1999, on a six-month non-immigrant visa. Although his visa expired on April 20, 2000, Agusalim remained in the United States. Nearly two years later, on April 18, 2002, he filed an application for asylum. In his application, he claimed that he feared that he would be persecuted based on his Chinese ethnicity if he were to be returned to Indonesia. On June 4, 2002, the Immigration and Naturalization Service ("INS") served Agusalim with a Notice to Appear, alleging that he was removable pursuant to 8 U.S.C. § 1227(a)(1)(B). He conceded removability at a preliminary hearing on July 12, 2002.

At his removal hearing on August 20, 2003, Agusalim testified that he had experienced problems in Indonesia as a result of his Chinese ethnicity. For example, he

---

[1] The IJ had jurisdiction under 8 C.F.R. § 208.2(b) and the BIA exercised appellate jurisdiction over the IJ's decision under 8 C.F.R. § 1003.1(b)(3). As discussed below, we lack jurisdiction to review Agusalim's asylum claim, *see* 8 U.S.C. § 1158(a)(3), but we retain the authority to review his remaining claims pursuant to 8 U.S.C. § 1252(a)(1). To the extent that the BIA has adopted and affirmed the findings of the IJ, we treat the IJ's opinion as that of the Board. *See Voci v. Gonzales*, 409 F.3d 607, 612 (3d Cir. 2005) (citations omitted).

2

explained that when he was eleven years old, several Indonesian high school students duped him into buying them cigarettes, and while he was in the store, stole his bicycle. He also testified that although he desired to become a doctor, he chose not to attend Airlangga University, the only good local medical school, because "[m]ost of the students there were native Indonesian, so I would be the minority there." Agusalim ultimately decided to study engineering and attended Petra University from 1996 to 1998. In 1999, with a presidential election approaching, "everybody thought that there would be some kind of trouble" in Indonesia, and Agusalim decided to travel to the United States. Both his parents and his three siblings remain in Indonesia. When asked why he did not file his application within one year of his arrival in the United States, Agusalim stated that he "could not make up [his] mind whether [he] wanted to stay here or [he] wanted to return to [his] country."

Although the IJ found Agusalim to be a credible witness, he nevertheless denied all of his claims for relief. The IJ concluded that Agusalim's asylum claim was time-barred, because his application was not filed within one year of his arrival as required by 8 U.S.C. § 1158(a)(2)(B) and he failed to offer an explanation constituting extraordinary circumstances sufficient to excuse the delay. The IJ further held that Agusalim was not entitled to withholding of removal or CAT protection because he failed to "submit[] a scintilla of evidence that he has ever been persecuted for his race, religion, nationality, membership in a particular social group, or political opinion," to show a "clear probability" of persecution if he is returned to Indonesia, and to prove that "he will be

3

tortured if he returns to his country." The IJ also denied Agusalim's request for voluntary departure because he concluded that Agusalim did not intend to leave the United States.

Agusalim appealed the IJ's order of removal to the BIA on September 5, 2003. The BIA affirmed the IJ's decision in a one-paragraph *per curiam* opinion and dismissed Agusalim's appeal, concluding that Agusalim's asylum application was time-barred and upholding the IJ's findings and conclusions. On March 4, 2005, Agusalim filed this petition for review.

II.

Because the BIA concluded that Agusalim's asylum application was untimely, we do not have jurisdiction to consider his asylum claim. *See* 8 U.S.C. § 1158(a)(3); *Tarawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003); *Sukwanputra v. Gonzales*, 434 F.3d 627, 633 (3d Cir. 2006). We also may not consider Agusalim's CAT claim because he failed to exhaust his administrative remedies by raising the issue before the BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right . . . ."). Even if that were not so, he has waived the argument on appeal by neglecting to even mention the claim in his opening brief to this Court. *See Kopec v. Tate*, 361 F.3d 772, 775 n.5 (3d Cir. 2004) ("An issue is waived unless a party raises it in its opening brief . . . .") (quoting *Laborers Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

Although the lack of timeliness does not preclude our review of a claim for withholding of removal, *see Tarawally*, 338 F.3d at 186, we will nevertheless deny

4

Agusalim's petition for review of this claim.[2]  In order to establish eligibility for

_____

[2]  The Government argues that Agusalim also waived his withholding of removal claim by failing to raise it in his opening brief.  Although "passing reference to an issue" is generally regarded as insufficient to raise an argument on appeal, *see Kopec*, 361 F.3d at 775 n.5 (quoting *Laborers Int'l Union*, 26 F.3d at 398 ), we will address the merits of the withholding of removal claim because it was at least arguably raised.

Although we ultimately conclude that Agusalim's claim lacks merit, we take this opportunity to note that his counsel did little, if anything, to advance his case. Agusalim's attorney has been repeatedly criticized by the Clerk's Office and this Court regarding the quality of her work and admonished to comply with Court rules.  *See, e.g., Chen v. Gonzales*, No. 04-4685, 164 Fed. Appx. 264, 276 n.2 (3d Cir. Jan. 31, 2006) ("We note that petitioners' brief does not contain a statement of facts as required by Fed. R. App. P. 28(a)(7) . . . . Petitioner's counsel is admonished to note that, in the future, briefs submitted to this Court that do not comply with the requirements of the aforementioned rules may be stricken and the appeal dismissed . . . ."); *Oktavia v. Gonzales*, No. 03-4536, 128 Fed. Appx. 849, 852 (3d Cir. March 17, 2005) ("Oktavia's brief merely cites legal propositions . . . .").  In fact, from March 30, 2004 to April 11, 2005, the Clerk's Office issued seven orders indicating that Agusalim's counsel failed to comply with Court procedures, advising her to be mindful of relevant deadlines and rules, and notifying her that future non-compliance could result in "appropriate action."

Perhaps even more notably, in *Sunarjo v. Gonzales*, No. 04-2660,130 Fed. Appx. 621, 625 n.6 (3d Cir. May 25, 2005), the Court identified a disturbing pattern in the briefs submitted by counsel.  In that case, the Court wrote:

> We note that Sunarjo's attorney also represented Xiu Hua Zheng in a
> separate immigration matter . . . . It appears that Petitioner's attorney
> submitted the identical 5-page brief in both cases, with the exception of
> changing the petitioners' names.  The two cases had dissimilar fact patterns,
> and neither brief properly addresses the issues in the individual cases.
> Notwithstanding these deficiencies, we were able to determine that this case
> lacked merit.  Nevertheless, we hope that such a practice will not be
> repeated by counsel in the future.

Despite this admonition, which was issued less than one year ago, we note that counsel has persisted in filing substantially identical briefs in numerous cases.  Frequently, the briefs do not respond to the actual legal questions at stake.

withholding of removal under the Immigration and Nationality Act, Agusalim would have to demonstrate a "clear probability" that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §1231(b)(3)(A). The IJ determined that Agusalim failed to make such a showing, and we conclude that the IJ's determination is supported by substantial evidence. *See Lusingo v. Gonzales*, 420 F.3d 193, 199 (3d Cir. 2005) (explaining that factual findings related to petitioner's eligibility for asylum are evaluated under substantial evidence standard). A stolen bicycle and a missed opportunity to go to medical school do not a claim of persecution make. Accordingly, we will dismiss in part and deny in part Agusalim's petition for review.

---

In this case, it appears that petitioner's attorney has once again used a boilerplate brief that fails to meaningfully recite the facts of the case or analyze those facts in light of the legal standards. Her entire brief, from Statement of Jurisdiction to Certification of Good Standing, is six pages long. Far from heeding our prior warnings, petitioner's counsel exhibits a continuing disregard for the interests of her clients, rules of appellate procedure, and resources of this Court. Accordingly, we will refer her to the Third Circuit Court of Appeals' Disciplinary Committee pursuant to Federal Rule of Appellate Procedure 46(c).